UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————X
Luis P Taipe, et al.,

              Plaintiffs,            :

                             :

      -against-                :

                             :   12 CV 4479  (Azrack, M.J.)

MC&O Contracting, Inc. et al.,

                             :

           Defendants.
————————————————————X

## **SETTLEMENT AGREEMENT**

      **WHEREAS**, Plaintiffs have alleged, *inter alia*, in their Complaint in the action proceeding in United States District Court, Eastern District of New York under Docket No. 12-CV-4479 that Defendants (collectively referred to as the "Defendants") underpaid Plaintiffs, and the other members of the Class, overtime pursuant to the Fair Labor Standards Act (29 U.S.C. 201 et seq.) in work performed for Defendants related to Defendants' masonry business; and

      **WHEREAS**, the parties recognize the uncertainties of the outcome of this action and have agreed to settle the claims of the Class after considering the expense and length of time necessary to prosecute and defend the action through trial.  If litigation continues, it may take many months before there would be a final adjudication of the claims asserted.   In contrast, the proposed settlement provides substantial and immediate benefits to the Class.  Based on these considerations, and without conceding any infirmity or defect in the claims Plaintiffs have asserted, the Named Plaintiffs and Class Counsel

have concluded that it is in the best interest of the Class to settle their claims on the terms set forth herein, and contend such settlement to be fair, reasonable, and adequate; and

**WHEREAS**, the Defendants deny the allegations in the Complaint in this case but have agreed to settle the claims asserted therein in order to achieve certainty and finality and avoid further considerable expense, inconvenience, and the burden which would be involved in protracted litigation, and to resolve all claims which have been or could have been asserted based upon the allegations contained in the Complaint; and

**WHEREAS**, the parties desire to compromise and settle all overtime claims which have been brought, or which could have been brought, by or on behalf of the Class Members and putative Class Members against the Defendants; and

**WHEREAS**, the parties desire and intend to seek Court approval of this Stipulation and, upon Court approval, obtain and review all claims of Class Members to reach a resolution of all claims as set forth herein and thereafter obtain a Final Order from the Court dismissing the claims of all Class Members with prejudice, other than those who properly opt out of the Class (as defined below), subject to the Court retaining jurisdiction to participate in the alternative dispute resolution mechanism provided for herein and to enforce the terms of this Stipulation.

**NOW, THEREFORE**, it is agreed that in consideration of the promises and mutual covenants set forth in this Stipulation and the Court's approval of the terms and conditions of this Stipulation and full payment hereunder, the Action shall be settled and compromised and dismissed, pursuant to the terms and conditions contained herein.

1.    **Definitions.**

As used in this Stipulation and in the Exhibits annexed hereto, the following terms shall have the meanings set forth below:

a.      "Applicable Workweek(s)" shall mean the following, as reflected on Defendants' internal records:  any weeks worked by a Class Claimant performing construction, renovation or related work for any Defendant from September 7, 2006 through December 31, 2011.  A Class Claimant shall be entitled to credit for only one Applicable Workweek for any particular calendar workweek.  A partial Applicable Workweek of at least 20 hours shall be credited as a full calendar workweek.  A partial Applicable Workweek of less than 20 hours shall not be credited.

b.      "Calculated Damage Amount" means, for each Class Claimant, his/her total points multiplied by the Point Value.

c.      "Post 2012 Benefit Payment" means one payment of exactly One Hundred Dollars and Zero Cents ($100) to each Class Claimant who worked at least one calendar workweek of at least 20 hours during the period January 1, 2012 through March 26, 2014 ("Post 2012 Period"), regardless of the number of workweeks worked during the Post 2012 Period.  No Class Claimant shall be entitled to more than one Post 2012 Benefit Payment.

d.      "Claim Bar Date" means the date on or before which submission of proper Proofs of Claim are due to be post-marked and mailed or delivered to Class Counsel or other entity acceptable to the parties to administer the settlement of this Action. If there is a contradiction between the Claim Bar Date in the Class Notice versus this Stipulation, the date set forth in the Class Notice controls.

e.      "Claims Administrator" means the entity selected by the Parties to provide

notice to the Class and administer payment of the settlement to the Class Claimants.  The Parties have preliminarily identified ANGEION GROUP as the Claims Administrator.

       f      "Class Claimant" means only those Class Members who (i) file with Class Counsel a Proof of Claim containing the information requested in the attached Proof of Claim form by either the Claim Bar Date or a date extended under of this Stipulation, and (ii) whose Proof of Claim is not rejected herein. In addition, each of the Named Plaintiffs is a Class Claimant, regardless of whether or not they file a Proof of Claim.  Merely because a Class Member becomes a Class Claimant hereunder does not guarantee recovery from the Settlement Fund.

       g.     "Class Counsel" means the law firm of Harrison, Harrison & Assoc., Ltd.

       h.     "Class" or "Class Member" means any bricklayer or laborer employed by any of the Defendants on or after September 7, 2006 through March 26, 2014, as set forth on the attached Exhibit "A.", which  may be modified by agreement between Class Counsel and Counsel for Defendants and with approval of the Court. Furthermore, any salaried employee of who did not perform physical labor, such as supervisors whose tasks would be deemed exempt under the New York Labor Law or Fair Labor Standards Act, as well as persons not named on the attached Exhibit "A" shall have no eligibility for Class membership or participation in this settlement.

       i.     "Class Notice" means the Notice in the form annexed hereto as Exhibit "B" or as otherwise approved by the Court.

       j.     "Complaint" means the complaint filed by Plaintiffs in the Action.

       k.     "Contracts" means any and all contracts from September 7, 2006 on, for the provision of masonry services, to which any of the Defendants is a party.

l.      "Court" means the United States District Court, Eastern District of New York.

m.      "Disputed Claim" occurs when any Defendant disputes the claim of a Class Member.

n.      "Effective Date" means the first business day after which the Final Order or Judgment described below becomes Final.

o.      "Escrow Account" shall mean the escrow account created and controlled by Defendants' Counsel Meltzer, Lippe, Goldstein & Breitstone, LLP.

p.      "Final" as to an order or judgment means (i) the thirty-first day after an order or judgment (except for the Implementation Order required herein) is entered, if no motion is timely filed, or (ii) if any such documents are timely filed, the first day on which the order or judgment is not subject to further judicial review or appeal, either by reason of affirmance by a court of last resort or by reason of lapse of time or otherwise.

q.      "Defendants" means Mc&O Contracting, Inc., Grand Masons, Inc., Mc&O Builders, Inc. and Empire Trowel Trades, Inc., Eamonn McDonnell and Owen O'Reilly.

r.      "Named Plaintiffs" means Luis Taipe, Manuel Loja, Fabian Maurad, Bequer Santamaria, Milton Novay, Manuel Jesus Landi, Manuel Roberto Zhagui, Segundo M. Guallpa, Jose Antonio Loja, Carlos Landi, Luis Alberto Landi Perez, Manuel Viznay, Ruben Rodnajo Borja, Luis Rolando Landi, Andres Sulgado, Manuel Wilson Guamon, Freddy Orellano, Sevenno Cajas, Luis Sumba, Martin Vicente Velasquez-Burgos, Jose Roberto Clavigo, Juan Fajardo, Carlos Inga, Manuel J. Cardenas, Luis Eduardo Illisaca, Manuel Alejandro Chalco, Luis Garces, German O. Jarama Loja,

Efren Narea, Luis R. Once Corte, Franklin Matute, Flavio E. Tenecora Bermeo, Marco L.

Loja Tenecela, Manuel J. Quinde, Fabian J. Sangurima, Nelson Ernosto Loja, and Anibal

Taant.  Each of the Named Plaintiffs shall be, regardless of whether or not they timely

file a Proof of Claim, a Class Claimant.  "Class Representative" means Fabian Maurad.

       s.       "Net Settlement Amount" means the Total Settlement Amount minus (i)

Fees and Costs, (ii) Bonuses (including additional bonuses) to the Named Plaintiffs, and

(iii) Post 2012 Benefit Payments.

       t.       "Proof of Claim" means the Proof of Claim form annexed hereto as

Exhibit "C".

       u.       "Plaintiffs' Attorney's Fees"  Class Counsel shall move for attorney's

fees of Seventy-five Thousand dollars ($75,000.00)  plus reasonable claim administration

activities of Plaintiffs' Counsel at a rate of $350.00 per hour, but no more than

$30,000.00, absent additional court order or agreement of the parties.

       **2.**       **Settlement Procedure.**

       a.       <u>Collective Certification</u>       It is hereby stipulated, consented to

and agreed that the "so ordering" of this Stipulation shall certify the following collective

in accordance with the Fair Labor Standards Act, to wit: Any current or former hourly

employees of any Defendant who performed construction or renovation work for any

Defendant between September 7, 2006 and March 26, 2014.

       b.       <u>Class Certification</u>    It is hereby stipulated, consented to and

agreed that the "so ordering" of this Stipulation shall certify the following "class" in

accordance with Rule 23 of the Federal Rules of Civil Procedure, to wit: Any current or

former hourly employees of any Defendant who performed construction or renovation

work for between September 7, 2006 and March 26, 2014 and who is listed on the attached Exhibit A.  Exhibit A may be modified by agreement between Class Counsel and Counsel for Defendants and with approval of the Court.

c.      Class Claimants. Except for Named Plaintiffs, Class Claimants who wish to participate in the resolution of this action must file claims in accordance with the Claims Procedures set forth in Section 3 below. To the extent any individual Class Member (other than a Named Plaintiff) fails to file a claim in accordance with the Claims Procedures, such Class Member shall be ineligible to participate in the settlement of this Action unless otherwise agreed to by the parties, or by the Court.

3.    **Claims Procedures.**

a.    Employee Identification    Name and Addresses and number of weeks worked of each Class Member is to be provided to the Claims Administrator (with a copy to Class Counsel) by Defendants within five (5) days of the Court's So Ordering of this Stipulation of Settlement.

b.      Class Notice. Within ten (10) calendar days after receiving the information described in 3(a) above, the Claims Administrator shall mail, via First Class United States mail, postage prepaid, the Class Notice and Proof of Claim forms as provided for below using each individual's last known address as provided by Defendant and as updated by Claims Administrator, as needed.  The Class Notice and/or Proof of Claim forms shall inform all Class Members of their rights under this Agreement and of the amount of Applicable workweeks on file for them.  The Class Notice and Proof of Claim forms shall also be translated into Spanish and Spanish copies of both documents shall be mailed to all Class Members with Spanish-sounding names.  The Claims Administrator shall take all reasonable steps to obtain the correct address of any Class Member for whom the notice is returned by the post office as undeliverable and shall attempt re-mailings as described below.  Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process.  If any Class Notices are returned as undeliverable, the Claims Administrator shall forward them to any forwarding addresses provided by the U.S. Postal Service.  If no such forwarding address is provided, the Claims Administrator shall perform skip traces using the Class Member's social security number to attempt to obtain the most recent addresses for these Class Members.

c.      <u>Claim Bar Date</u>. The Claim Bar Date shall be ninety (90) days from the date that the Claims Administrator mails the Class Notice and Proof of Claim forms to the Class. At the time the Claims Administrator mails the Class Notice and Proof of Claim forms,  then extant Defendants will post a copy of same in its/their office(s).

d.      <u>Commencement of Notice Period</u>. The Claims Administrator shall mail the Class Notice and Proof of Claim forms no later than ten (10) days following the Claims Administrator's receipt of the employee identification data provided for above. The date of mailing shall be the date on which the forms are deposited with the United States Postal Service or another courier of the Claims Administrator's choosing, not the

date of delivery or receipt.

     e.     <u>Contents of Class Notice</u>. The Class Notice shall be in the form as provided in Exhibit "B" attached hereto.  The Class Notice shall provide that all Proofs of Claim forms shall be completed by interested Class Members and returned to the Claims Administrator, so that they are received, or post-marked, no later than the Claim Bar Date.

     f.     <u>Recipients of Class Notice</u>     The following will be served upon the Attorney Generals of New York State and New Jersey and the United States Secretary of Labor:

     (1) a copy of the complaint and any materials filed with the complaint and any amended complaints

     (2) notice of any scheduled judicial hearing in the class action;

     (3) a reasonable estimate of the number of class members residing in each State and the estimated proportionate share of the claims of such members to the entire settlement;

     (4) a copy of this Agreement; and

     (5) Once granted**,** any final judgment or notice of dismissal

     g.     <u>Contents of Proof of Claim Form</u>. The Proof of Claim Form shall be in the form as provided in Exhibit "C" attached hereto.

     h.     <u>Claims Barred after Claim Bar Date</u>. Except for the Named Plaintiffs, any Class Member who fails to return or mail a timely completed Proof of Claim to the Claims Administrator on or before the Claim Bar Date shall be irrevocably precluded from participating in the settlement and shall not be eligible to receive a distribution

pursuant to this Stipulation from the Settlement Fund, unless the time is extended as described herein pursuant to agreement by the parties or by Court order.

i.      <u>Review of Proofs of Claim by Class Counsel</u>. The Claims Administrator, upon notice to Class Counsel and counsel for all Defendants, shall reject a Proof of Claim in the event: (i) a Proof of Claim is not timely submitted, if no good cause exists to accept an untimely Proof of Claim; or (ii) a Proof of Claim purports to be submitted by or on behalf of an individual which the Claims Administrator determines is not supported by sufficient corroborating documentary evidence to establish that said Proof of Claim was submitted by a bona fide Class Claimant or, if deceased, a bona fide representative of the Claimant's estate with authority to collect the settlement allocation, or an individual with legal authority to submit a Proof of Claim on behalf of the Class Claimant. The Claims Administrator shall determine the timeliness and adequacy of a Proof of Claim or the identity of any Class Claimant (or, if deceased, a representative of the (claimant's) estate) pursuant hereto. The Claims Administrator shall endeavor to make these determinations as soon as possible before the Claim Bar Date so as to enable interested Class Members to remedy defects in their Proofs of Claim.

j.      <u>Notice of Defect</u>. In the event that a claim is rejected, the Claims Administrator shall advise that Claimant of the reasons for the rejection as soon as possible so as to give that Claimant a reasonable opportunity to cure the defect before the Court issues the Final Order.

k.      <u>Claims</u>. The Claims Administrator shall provide to Class Counsel and counsel for Defendants, on a rolling basis, copies of all Proofs of Claim filed by the Class Claimants, such that all proofs of claim are received by Class Counsel and Defendants'

counsel within fourteen (14) days of the Bar Date.  No later than seven days after the Bar Date, the Claims Administrator shall provide to Class Counsel and counsel for Defendants a Calculated Damage Amount for each Class Claimant.  The Calculated Damage Amount for each Class Claimant shall be calculated as follows:  (1) Each Class Claimant will receive one (1) point for each Applicable Workweek he or she worked as reflected on Defendants' internal records, (2) The Net Settlement Amount will be divided by the aggregate number of points accrued by all of the Class Claimants ("Point Value"), (3) Each Class Claimant's total points will be multiplied by the Point Value to determine his or her Calculated Damage Amount.  For example, if Class Claimant A worked 68 Workweeks, as reflected on Defendants' internal records, and the aggregate number of points accrued by all of the Class Claimants is 35,000, and the Net Settlement Amount is $350,000, then the Point Value is $10.  Class Claimant A's total points (68) would then be multiplied by the Point Value ($10) to determine his Individual Settlement Amount ($680).  Within fourteen (14) days of their receipt of said Proofs of Claim, Class Counsel and/or Defendants may submit to the Claims Administrator: (i) an objection to a Proof of Claim of any Class Claimant due to non-compliance with the procedures set forth herein; and/or (ii) an objection to a Calculated Damage Amount for any Class Claimant.   Any objections to Calculated Damage Amounts shall be resolved by Class Counsel and Counsel for Defendants within 14 days thereafter, or, if counsel cannot reach agreement within said 14 day period, said objections shall be, within 7 days thereafter, presented to the Court in accordance with section (j) hereof.

      l.   <u>Final Decision by Court</u>. The Court shall retain jurisdiction over the Class Claimant who avails himself/herself of the terms of this provision in the event that Class

Counsel's recommendation is challenged and the dispute cannot be resolved by counsel for the parties.  The parties consent to the Honorable Judge Joan M. Azrack to preside over all such objections, and all other matters remaining in this action.

m.    The Claims Administrator shall be responsible for the claims administration process and distributions to Class Members as provided herein, as well as for making any mailings required under this Agreement.  The Parties agree to cooperate with the Claims Administrator and assist it in any way possible in administering the Settlement.  The Claims Administrator's fees shall be paid by Defendants, subject to Court Approval.

**4.**      **Allowed Claims, Disputed Claims, and Distribution from the Settlement Fund.**      Class Claimants shall have the choice to: (i) accept the number of Applicable Workweeks calculated by the Claims Administrator as to which they worked; or (ii) to file a Disputed Claim. The deadline for choosing one of these options shall be no later than the Bar Date.

**5.**      **Disputed Claim**. Class Claimants may file Disputed Claims disputing the number of workweeks listed as worked. Disputed Claims shall be reviewed on a claims-made basis. The parties shall endeavor to settle those claims amongst themselves. However, all unresolved Disputed Claims shall be referred to the Honorable Judge Joan M. Azrack, who will be charged with the authority to hear and determine. In the event that Class Counsel deems a Disputed Claim to be without merit, or in the event a Class Claimant with a Disputed Claim refuses or is unable to assist Class Counsel in the prosecution of his or her Disputed Claim, then Class Counsel shall be permitted to apply to the Court to be relieved as legal counsel to that specific Class Claimant. In the event

that the Court grants Class Counsel's application to be relieved as a Class Claimant's attorney, the Class Claimant shall have thirty (30) days to obtain new counsel or advise the Court that he or she will be appearing *pro se.* If the Class Claimant fails to appear within thirty (30) days after Class Counsel has been relieved, the Class Claimant's claim shall be dismissed. After a Disputed Claim is resolved and any payments due are paid, the Class Claimant who filed that Disputed Claim shall release the Defendants in the same manner and to the same extent as set forth for those Claimants who did not dispute the number of Applicable Workweeks.  This method of resolving Disputed Claims shall in no event apply to any Class Member who elects to opt-out of the Class as set forth in this Stipulation.

### 6.    Requests For Exclusion From the Class And Objections To Settlement.

Unless an individual opts-out of the Class, he/she will be bound by the terms of this Stipulation upon its final approval by the Court. Each member of the Class shall be bound by all determinations and judgments of the Court in connection with the Final Order as determined by this Stipulation, unless such individual shall mail a written request for exclusion from the Class, post-marked no later than the original Claim Bar Date, addressed to the Claims Administrator . Such requests for exclusion shall be in a form that sufficiently identifies the name and address of the person seeking said exclusion. A request to opt-out shall not be effective unless submitted within the time and substantially identifies the Class Member's unconditional intention to opt-out of the Class. If an individual in the Class duly requests to opt-out, such individual will not be bound by any orders or judgments entered in respect to this Stipulation and the

Implementation Order and shall not be entitled to receive any benefits provided by the proposed settlement of the Action.

Similarly, any Class Members who wish to present objections to the settlement at the Fairness Hearing must first do so in writing.  To be considered, such statement must be sent by First Class United States mail postage prepaid and be received by the Claims Administrator by a date certain, to be specified on the Notice of Proposed Class Action Lawsuit and Fairness Hearing, which shall be the same as the Opt-out Deadline.

### 7    Settlement Amounts

A.    In consideration hereof, Defendants will pay to the Named Plaintiffs and Class Claimants Five Hundred Seventy-Five Thousand dollars ($575,000.00) (the "Total Settlement Amount"), to be allocated between the attorney's fees, Named Plaintiffs, and the Class Claimants as provided for herein.

B.    The Calculated Damage Amounts shall be shall be allocated, for each Class Claimant, fifty (50%) percent to allegedly unpaid wages and fifty (50%) percent to interest and/or liquidated damages.  Defendants shall pay the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the amounts treated as wages.

C)    Prior to the mailing of the Notice, Class Counsel will file a motion for an amount not exceeding Seventy Five Thousand dollars ($75,000) for their attorney's fees, costs and disbursements through the execution of this Agreement ("Fees and Costs") and Defendants will not object to said motion.

D)    Payment of the Total Settlement Amount will be made as follows:

1)      Within thirty (30) days of the Bar Date, Defendants will pay $175,000.00.

2)      Commencing thirty (30) days thereafter for twelve (12) consecutive months, Defendants will pay Five Thousand dollars ($5,000.00) per month (for a total of $60,000).

3)      Commencing thirty days after the end of the payments described in the immediately preceding subparagraph (7D2), Defendants will pay Seven Thousand Two Hundred Fifty dollars ($7,250) per month for twelve (12) consecutive months (for a total of $87,000).

4)      Commencing thirty days after the end of the payments described in the immediately preceding subparagraph (7D3), Defendants will pay Twelve Thousand Six Hundred Fifty dollars ($12,650) per month, for twenty (20) consecutive months (for a total of $253,000).

E)      The above stated amounts total Five hundred Seventy-five Thousand dollars ($575,000.00) and do not include Administration Fees which are to be paid within 365 days of the Bar Date.

F)      Each of the payments set forth in paragraphs D(2), D(3), and D(4) shall be made by Defendants paying the amount then due into the Escrow Account.  No less than once a year – after twelve monthly payments have been made - the then accumulated funds shall be distributed to the Class Claimants and the Named Plaintiffs, pro rata, in accordance with the formula set forth above, such that each Class Claimant/Named Plaintiff receives one distribution per year.

G)      Certain perquisites are appropriate for the Named and Additional Plaintiffs, due to their active role in the litigation of this matter, as follows:

1)      Each of the Named Plaintiffs will receive a bonus (which is part of the maximum of $500,000.00 Defendants could potentially pay in total to all claimants) of a maximum of $3,500.00 each ("Bonus" or "Bonuses").

H)  Payments will be made in the following order:

1)      Bonuses, in the amount of $2,500.00 per Named Plaintiff will be paid first from the above settlement payments.

2)      Fees and Costs will be paid next from the above settlement payments.

3)      Each of the Class Claimants (including the Named Plaintiffs) will then be paid their Post 2012 Benefit Payments, as applicable.

3)      Class Claimants (including the Named Plaintiffs) will then be paid their Calculated Damage Amounts,

4)      An additional bonus payment of $1,000.00 per Named Plaintiff will then be paid, provided that 35% or less of the Class Members make and receive allowed claims.  In the event that 35% or more of the Class Members become Class Claimants, there will be no additional bonus payments.

5)      Defendants are also subject to an Order to Comply from the New York State Department of Labor.  That administrative proceeding is

being amicably resolved.  Any payments of claims applicable to both this action and that administrative proceeding (i.e., duplicative claims for the same time frame) which are made in resolution of the administrative proceeding, shall reduce the $500,000.00 otherwise paid hereunder on a dollar for dollar basis.

6)      In the event Defendants fail to make any payment when due hereunder, Plaintiffs' counsel will provide notice to Defendants' counsel via e-mail (tbianco@mlg.com).  If said payment failure remains uncured for seven (7) business days, the entire balance of payments due hereunder - in addition to NY statutory interest on all unpaid amounts from the date of this agreement and attorneys fees and incurred due to said non-payment - shall be accelerated and become immediately due and payable, jointly and severally against each of the Defendants.  Should it be the last payment due hereunder, the same cure period shall apply, but the amount owed shall be increased by twenty-five thousand dollars ($25,000.00).

7) Class Claimants will have one hundred and twenty (120) calendar days after each check date to redeem their settlement payments.

8) All payments made hereunder before the final payment to the Claimants which are uncashed or undeliverable shall be split pro rata between all of the Claimants in the final payment.  Provided however that if said sum is less than $3,000, said monies shall revert to Defendants.  All uncashed or undeliverable final payments shall revert to Defendants.

8      **Release of Claims.**

Upon the Order granting Final Approval of this Agreement and upon Defendants' compliance with this Agreement, and except as to such rights or claims as may be created by this Agreement, each Class Member who does not opt out of the settlement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants and Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, current or former employees, members, managers, partners, co-joint ventures, fiduciaries, trustees, employee benefit plan administrators, agents, insurers, successors and assigns, and all persons or entities acting by, though, under or in concert with any of them, and any individual or entiry which could be jointly liable with any of them (collectively "Releasees") from any claims that were or could have been brought under the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., and under the New York Labor Law §§191, 195, 663 and 12 NYCRR 142-2.2, related to or arising out of their work for Defendants, whether known or unknown, through March 26, 2014, including but not limited to claims for unpaid wages, bonuses, commissions, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims misappropriated tips, interest, liquidated damages, and attorneys' fees and costs related to such claims.

9. **Miscellaneous.**

a. This Stipulation and the exhibits hereto shall constitute the entire agreement of the parties with respect to the settlement of the Action and shall not be subject to any change, modification, amendment, or addition without the express written consent of counsel on behalf of all parties to this Stipulation.

b.      This Stipulation shall be binding upon and inure to the benefit of the parties hereto and their representatives, heirs, successors, and assigns.

c.      In the event any one or more of the provisions contained in this Stipulation shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision, unless the party for whose benefit the provision was included establishes that said provision is significant to this settlement, in which event that party may declare this Stipulation to be null and void.

d.      While all proceedings in this action are stayed by virtue of this Stipulation of Class Action Settlement, Judge Azrack shall retain continuing jurisdiction over the parties hereto, including all Class Members, and over the administration and enforcement of the procedures and relative responsibilities of the parties as provided for herein. Class Members who do not opt-out (regardless of whether or not they file Proofs of Claims as per this Stipulation) waive any objections to the jurisdiction of this Court over this Action.  Should Judge Azrack approve this settlement, that shall be a judicially approved settlement, carrying the same authority as a District Court Judge's approval.  At said time, any party who has not objected to the settlement of this action or opted out of this action, will be bound by all terms and conditions of this settlement and any and all orders and judgments following hereinafter in this action.

e.      Nothing contained herein and produced or prepared in accordance with this Stipulation shall be deemed an admission of liability or damages. This Stipulation is intended to be a settlement document and is not admissible in evidence to establish liability or damages except as consistent with the intent and purpose of this document.

f.       This Stipulation may be executed in counterparts. The executed signature page(s) from each original may be joined together and shall constitute one and the same instruments. Facsimile signatures shall be deemed original signatures.

g.       This Stipulation shall be governed by and be construed in accordance with the laws of the State of New York.

h.       If any of the dates or periods of time described in this Stipulation fall on or end on a public holiday or on a weekend, the date or period of time shall be extended to the next business day.

i.       The parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Stipulation.

j.       No inference may be drawn against the drafter hereof in the event an ambiguity is determined to exist.

Dated: New York, New York
       June 10, 2015

Harrison, Harrison & Assoc., Ltd.              Meltzer, Lippe, Goldstein & Breitstone, LLP

By___/s/ DAVID HARRISON_____              By_____/s/ RICHARD M. HOWARD__
       David Harrison, Esq.                          Richard M. Howard, Esq.

Attorneys for Plaintiffs                          Attorneys for Defendants
110 Highway 35, 2nd Floor                          190 Willis Avenue
Red Bank, NJ 07701                                 Mineola, New York 11501
888-239-4410                                       (516) 747-0300

SO ORDERED:

_____

683045-2                          20