# Harrison, Harrison & Associates, Ltd.

225 BROADWAY, SUITE 630
NEW YORK, NY, 10007
DIRECT DIAL (888) 239-4410
FAX (718) 799-9171
nycotlaw@gmail.com

Address all mail to:
110 Highway 35, 2nd floor
Red Bank, NJ 07701

June 18, 2015

FILED VIA ECF

Honorable Joan Azrack
United States District Judge
225 Cadman Plaza East, Room 605N
Brooklyn, New York 11201

      Re:    *Taipe et al. v. MC & O Contracting, Inc., et al.* 12-CV-04479 (JMA)

Dear Judge Azrack:

      In accordance with Paragraph 7(C) of the parties' Settlement Agreement, Plaintiffs and Class Counsel hereby file this Motion for attorney's fees, costs and disbursements. Defendants do not object to this Motion. By way of this Motion, Class Counsel and Plaintiffs respectfully request that this Court approve and order the payment of attorney's fees, costs and disbursements sought herein.

      This Motion is supported by the Declaration of David Harrison – attached hereto as Exhibit "A" (the "Harrison Declaration") – and the Settlement Agreement entered into between Plaintiffs and Defendants (preliminarily approved by this Court) (ECF No. 91) – attached hereto as Exhibit "B". The Harrison Declaration details Class Counsel's qualifications and the kind and amount of work Class Counsel undertook in this action. While the Settlement Agreement provides that the amount of Class Counsel's fees, costs and disbursement shall not exceed $75,000.00, HHA's lodestar, without any enhancement for taking this case on a contingency basis, is $128,123.05, which is substantially more than the $75,000 that Plaintiffs are seeking in this motion. Plaintiffs' request that the Court approve $75,000.00 in fees and costs is thus more than reasonable.

      It is well established that "attorneys who create a common fund to be shared by a class are entitled to an award of fees and expenses from that fund as compensation for their work." *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, at 585 (S.D.N.Y. Sept. 10, 2008) (internal quotation omitted). "Fees and expenses are paid from the common fund so that all class members contribute equally towards the costs associated with litigation pursued on their behalf." *Id.* The award of attorneys' fees has the three-fold benefit of: (1) "providing just compensation," (2) "encourag[ing] skilled counsel to represent those who seek redress for damages inflicted on entire classes of persons," and (3) "discourag[ing] future misconduct of a similar nature." *Id.*

In determining whether a fee is reasonable, courts consider "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation . . . ; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (internal quotation omitted; alteration in original).

### The First Factor - Counsel's time and labor

The first *Goldberger* factor requires an examination of the time and labor expended by counsel in achieving the settlement. Here, Class Counsel conducted an extensive investigation and prosecution of this case prior to reaching a settlement. The time invested in obtaining discovery and crafting Plaintiffs' case in anticipation of trial was a reasonable expenditure of Class Counsel's time. *See, e.g., Maley v. Del Global Technologies Corp.*, 186 F. Supp. 2d 358, 371-372 (S.D.N.Y. 2002) (finding that investigation into the case, briefing of court documents, court appearances, and participation in settlement negotiation amounted to a reasonable expenditure of time). Moreover, Class Counsel were able to reach a resolution relatively efficiently through targeted discovery that enabled Class Counsel to evaluate the strength of the case and identify damages, and thereby engage in productive settlement discussions once Defendants indicated their desire to resolve this action.

Specifically, Class Counsel investigated the relevant facts and law, engaged in extensive pre-trial discovery including reviewing and analyzing thousands of paystubs/checks produced by the thirty seven Named Plaintiffs and other documents produced by Defendants, conducted numerous interviews of, and meetings with, the thirty seven Named Plaintiffs, and numerous in-person and telephonic meetings and appearances with Defendants' counsel and the Court. Class Counsel spoke with dozens of people who worked for Defendants and maintained regular contact with the thirty seven Named Plaintiffs to keep them informed of, and involved in, the action. *Banyai v. Mazur*, No. 00 Civ. 9806, 2007 U.S. Dist. WL 927583 (S.D.N.Y. Mar. 30, 2007) (noting that Class Counsel "spent time communicating with members of the Class"). Class Counsel also spent significant time preparing for and engaging in settlement discussions. Class Counsel invested over $127,000.00 worth of time – including over 350 attorney hours and 96 law clerk hours – in obtaining a fair settlement for the Class. (Harrison Decl. ¶13.) The $75,000.00 in fees and costs that Class Counsel seeks is therefore reasonable.

### The 2nd & 3rd Factors - The litigation's magnitude and complexity and the risks of litigation

The second and third *Goldberger* factors look to the magnitude and complexities of the litigation and the risk of the litigation. "Courts of this Circuit have recognized the risk of litigation to be perhaps the foremost factor to be considered in determining the award of appropriate attorneys' fees." *Taft v. Ackermans*, No. 02 CIV. 7951 (PKL), 2007 WL 414493, at *10 (S.D.N.Y. Jan. 31, 2007) (internal quotation omitted); *see also In re Global Crossing Secs. & ERISA Litig.*, 225 F.R.D. 436, 467 (S.D.N.Y. 2004) ("The contingent nature of . . . Lead Counsel's representation is a key factor in determining a reasonable award of attorneys' fees."). Class Counsel took this case pursuant to a retainer agreement with Plaintiffs that stated that Counsel would receive a percentage of the recovery *only if* Plaintiffs obtained a recovery. This case was a complex class and collective litigation involving hundreds of class members and numerous Defendants, and Plaintiffs faced significant risks in establishing both liability and damages and in maintaining a class. Many of these risks – including the risk of some or all of

the Defendants filing for bankruptcy - could have led to no recovery or a very small recovery. Thus, Class Counsel risked receiving no payment for their work.  (Harrison Decl. ¶14.)

### The Fourth Factor - Quality of the representation

Class Counsel have extensive experience representing employees in wage-hour class actions, as outlined in the Harrison Declaration, (Harrison Decl. ¶¶ 5-6.  *E.g., Dimitra Verikios et. al. v.Taina Corp., et. al.*, No. 12-cv-2592(MAS)(TJB) (D.N.J. March 17, 2015); *Poonam Sharma et. al. v. Burberry Limited*, 12-CV-06356 (LDW)(AKT)(E.D.N.Y., March 10, 2015); *Evan Hightower, et al. v. JP Morgan Chase Bank, N.A*., CV 11-1802 PSG (Cen. Dist. CA, February 3, 2015).  Class Counsel used their experience to obtain an excellent result for the class.  *See In re Priceline.com, Inc. Secs. Litig.*, No. 00 Civ. 1884, 2007 U.S. Dist. WL 2115592, at *5 (D. Conn. July 20, 2007) ("The quality of representation here is demonstrated, in part, by the result achieved for the class.").

In addition, "[t]he quality of opposing counsel is also important in evaluating the quality of Class Counsel's work."  *In re Global Crossing*, 225 F.R.D. at 467 (internal quotation omitted).  Defendants were represented by Richard M. Howard and Thomas J. Bianco, both experienced employment litigators with the law firm Meltzer Lippe Goldstein & Breistone, LLP.

### The Fifth Factor - The fee is reasonable in relation to the settlement

In the Second Circuit, it is well settled that a fee equal to "one-third of the common fund after deduction of legal costs . . . is consistent with the norms of class litigation in this circuit." *Gilliam v. Addicts Rehab. Ctr.*, No. 05 Civ. 3452, 2008 U.S. Dist. WL 782596, at *4 (S.D.N.Y. Mar. 24, 2008) (wage and hour settlement).  Here, the Settlement Agreement authorizes Class Counsel to receive, and Class Counsel seeks, only $75,000.00 in fees and costs.  (*See* Harrison Decl. ¶ 18.)  This fee request is more than reasonable because it represents (i) a mere 13% of the Total Settlement Amount of $575,000.00, and (ii) less than half of the attorneys' fees provided for in the retainer agreements Class Counsel entered into with Plaintiffs.

### The Sixth Factor - Public policy considerations

The FLSA and New York Labor Law are remedial statutes designed to protect employees from unfair labor practices.  29 U.S.C. § 202(a); N.Y. Lab. Law § 650.  A fair attorneys' fee award that takes into account the services provided and the risks undertaken furthers these remedial purposes.  *Maley*, 186 F. Supp. 2d at 374; *cf. Hicks*, 2005 U.S. Dist. WL 2757792, at *10.  Moreover, given the relatively small recoveries of individual Class Members, it is unlikely that "without the benefit of class representation[] they would be willing to incur the financial costs and hardships of separate litigations."  *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174 at 181 (W.D.N.Y 2005).

For the foregoing reasons and the reasons submitted in the attached Harrison Declaration, the Parties respectfully request that this Court order and approve Class Counsel's fees, costs and disbursements in the amount of $75,000.00.  We thank the Court for its attention to this matter.

    Sincerely,
    /s/ DAVID HARRISON\_\_\_\_\_
    David Harrison

cc: Richard Howard (Via ECF)